GRESHAM, District Judge.
It was Insisted by the plaintiff’s counsel that the interest was a mere incident to the note, and a part of it, that the parties could not have intended that the failure to pay interest on the note should forfeit the policy when neglect to pay the principal was not to have that effect; and that the interest forfeiting clause was in conflict with the provision which declared that the policy should be commuted, and not forfeited for failure to pay premiums or the principal of premium notes.
*16 I see no conflict in the provisions of this policy. The assured expressly agreed that he would pay interest annually on all notes given on account of premiums, and that a failure so to pay interest should forfeit his policy. In the face of that clear and explicit agreement it will not do to say that the interest was a mere incident to the note and a part of it, and that by the terms of the policy, a failure to pay premiums or premium notes was not to work a forfeiture. To read this policy as if the interest forfeiting clause were not in it, would be to make a new and substantially different contract for the parties, which courts are not at liberty to do. This company did business on the mutual plan. Premiums were paid, half in cash and half in notes, and it was, of course, indispensable to provide a fund out of which losses arising from death might be promptly paid. To provide such a fund, the company’s plan of business contemplated and required the investment of the cash half of its premiums and the prompt annual payment of the interest on these investments, as well as the prompt annual payment of the interest in adva'nce on its premium notes. It is not difficult to see that the success of the company depended largely upon the annual collection of its interest, If one member might let his premium note run without paying the annual interest, all might. The company could not have long existed and paid its current death claims with this wide departure from the plan of its organization.
So far, then, from the interest forfeiting clause being in conflict with any other part of the policy, it was a wise and necessary provision. I have carefully read the opinion of «the Kentucky court of appeals in the case of the St. Louis Mut. Life Ins. Co. v. Grigsby [73 Ky. 310], upon which counsel relied with apparent confidence. In that case it was held that the policy was hypothecated for the payment of the note and interest, and that the company was amply secured. Although this decision comes from a court of great respectability, for the reasons already given, I can not follow it.
In the case at bar, when the assured died, two years’ interest was due and unpaid on the note given for $737.81. It does not appear from the pleadings that the policy was entitled to any dividend in the hands of the company. In the Grigsby case the dividends due the assured were equal to the interest due on the premium note, less $6.97. I do not say that a court of equity would not be justified in relieving a party from forfeiture under such circumstances.
To have forfeited the policy in that case, when the premium in the hands of the company due the assured was within $6.97 of being enough to pay the interest due on the note, would seem to have been against conscience, but the decision was based upon other grounds. Courts of equity sometimes "relieve against forfeiture when the amount is greatly disproportionate, and the forfeiture is designed as mere security so that full compensation can be made.” Story, Eq. Jur. §§. 1314, 1316.
The demurrér is overruled.